## AUTOMOBILE INS. CO. OF HARTFORD, CONN. v. McBRIDE.

### No. 14308.

United States Court of Appeals
Fifth Circuit.

May 29, 1953.

René H. Himel, Jr., and Eberhard P. Deutsch, New Orleans, La., Harry F. Stiles, New Orleans, La., Deutsch, Kerrigan & Stiles, New Orleans, La., of counsel, for appellant.

Benj. W. Yancey, New Orleans, La., Terriberry, Young, Rault & Carroll, New Orleans, La., of counsel, for appellee.

Before HOLMES, STRUM and RIVES, Circuit Judges.

RIVES, Circuit Judge.

Appellant's insistence is that the amount of a Marine Insurance Policy cannot be held to have been increased when there was no actual meeting of the minds of the parties regarding an oral proposal to increase such amount. Little need be added to what has been so well said by the learned District Judge, McBride v. Home Ins. Co., D.C., 105 F.Supp. 116, 117. The increase was effected in a telephone conversation between Schade the representative of the insured, and Gibson, the insurance agent. The District Judge included in his findings of facts the following:

"5. Schade testified that in his conversation with Gibson he did request an increase in the insurance from $10,000 to $25,000 on the vessel and that Gibson agreed thereto. Schade is supported in his testimony by his secretary who overheard the conversations with each of the insurers' representatives.

"6. Both Schade and Gibson are men of unimpeachable veracity and integrity. The court concludes, however, that Schade did advise Gibson of the change in valuation from $10,000 to $25,000 and that Gibson consciously or unconsciously agreed thereto."

In his conclusions of law the District Judge repeated that:

" * * * it has been found as a fact that, in his conversation with respondent's agent, Schade mentioned not only the change in the type of risk but also the increase in the insurance * * *."

Among such conclusions of law was the following:

"In the circumstances of this case the respondent is bound by the act of its agent agreeing to the insurance at the increased valuation whether that agreement was consciously or unconsciously entered into by him. Restatement of Law of Contracts, § 20. Williston on Contracts, §§ 20, 99, 1535–1537."

Schade having actually communicated to Gibson the request to increase the amount of the policy and Gibson having expressed his assent to the increase, the contract between the parties became complete and was not affected by any unexpressed intention or misunderstanding on the part of Gibson. In addition to the authorities cited by the District Judge, see Bach v. Friden Calculating Mach. Co., 6 Cir., 155 F.2d 361, 365; 12 Am.Jur., Contracts, Secs. 19 and 20.

Affirmed.